

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICAH ORNELAS, on behalf of himself and others similarly situated, | Case No. CV 14-4759 FMO (PJWx) |
| Plaintiffs, | |
| v. | **ORDER REMANDING ACTION** |
| COSTCO WAREHOUSE CORP., et al., | |
| Defendants. | |

On May 13, 2014, Micah Ornelas ("plaintiff"), on behalf of himself and others similarly situated, filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against defendants Costco Warehouse Corporation ("defendant") and Does 1 through 20. (See Declaration of Emily Schroeder in Support of Costco's Notice of Removal ("Schroeder Decl.") at ¶ 3 & Exhibit ("Exh.") A ("Complaint")). On June 19, 2014, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a) & (b) and 1446. (See Notice of Removal ("NOR") at 1-2). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).[1]

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

---

[1] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

1    by Constitution and statute[.]" <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377, 114

2    S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears

3    affirmatively from the record.  <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 n. 3, 126 S.Ct.

4    1854, 1861 (2006).   Federal courts have a duty to examine jurisdiction <u>sua</u> <u>sponte</u> before

5    proceeding to the merits of a case, <u>see</u> <u>Ruhrgas AG</u>, 526 U.S. at 583, 119 S.Ct. at 1569, "even

6    in the absence of a challenge from any party." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514, 126

7    S.Ct. 1235, 1244 (2006).  Indeed, "[i]f the court determines at any time that it lacks subject-matter

8    jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); <u>see</u> <u>Snell v. Cleveland,</u>

9    <u>Inc.</u>, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a

10   court may raise the question of subject matter jurisdiction, <u>sua</u> <u>sponte</u>, at any time during the

11   pendency of the action, even on appeal.") (footnote omitted).

12        Federal subject matter jurisdiction may be established on two grounds:  (1) federal question

13   jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district

14   court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or

15   treaties of the United States."  28 U.S.C. § 1331.  A district court has diversity jurisdiction "where

16   the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens

17   of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C.

18   §§ 1332(a)(1)-(2).

19        In general, "any civil action brought in a State court of which the district courts of the United

20   States have original jurisdiction, may be removed by the defendant or the defendants, to the

21   district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that

22   removal is proper.  <u>See</u> <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong

23   presumption against removal jurisdiction means that the defendant always has the burden of

24   establishing that removal is proper.") (internal quotation marks omitted); <u>Abrego Abrego v. The</u>

25   <u>Dow Chem. Co.</u>, 443 F.3d 676, 684 (9th Cir. 2006) (<u>per</u> <u>curiam</u>) (noting the "longstanding, near-

26   canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there

27   is any doubt regarding the existence of subject matter  jurisdiction, the court must resolve those

28   doubts in favor of remanding the action to state court.  <u>See</u> <u>Gaus</u>, 980 F.2d at 566 ("Federal

2

1   jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

2   Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter

3   jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners

4   Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter

5   jurisdiction may not be waived, and, indeed, we have held that the district court must remand if

6   it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule

7   of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter

8   jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote

9   omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a

10  district court may remand an action where the court finds that it lacks subject matter jurisdiction

11  either by motion or sua sponte).

12                                      **DISCUSSION**

13          Defendant removed the instant action on the basis of diversity jurisdiction pursuant to 28

14  U.S.C. § 1332(a)(1).   (NOR at ¶ 7).    "Diversity is generally determined from the face of the

15  complaint." Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir.), cert. denied, 479 U.S.

16  987 (1986).  Defendant bears the burden of proving by a preponderance of the evidence that the

17  amount in controversy meets that jurisdictional threshold.  See Valdez v. Allstate Ins. Co., 372

18  F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090

19  (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than

20  $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence,

21  that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right

22  to removal exists, a case should be remanded to state court.") (footnotes omitted).

23          Here, there is no basis for diversity jurisdiction because the amount in controversy does not

24  appear to exceed the diversity jurisdiction threshold of $75,000.  See 28 U.S.C. § 1332.  As an

25  initial matter, the amount of damages plaintiff seeks cannot be determined, as the Complaint

26  simply alleges "damages according to proof in an amount to be ascertained at trial," rather than

27

28

                                            3

1   a specific amount.[2]  (See Complaint at 15 ("Prayer for Relief")).  Defendant notes that plaintiff

2   seeks to recover lost wages, (see NOR at ¶ 12), and states that at the time plaintiff's employment

3   ended, plaintiff was earning $15.00 per hour as a part-time employee who worked approximately

4   30 hours a week.  (See id.). Calculating from the last day of plaintiff's employment, defendant

5   arbitrarily assumes a June 19, 2015, trial date, and extrapolates plaintiff's total loss of earnings

6   through the time of trial to be $35,550.  (See id.).  Jurisdictional facts, however, are assessed on

7   the basis of plaintiff's Complaint at the time of removal, see 28 U.S.C. § 1441; Chambers v.

8   Penske Truck Leasing Corp., 2011 WL 1459155, *3, report and recommendation adopted, 2011

9   WL 1739913 (E.D. Cal. 2011) ("Solely for the purpose of determining whether the monetary

10   jurisdictional limit has been met, the Court calculates . . . based upon the aforementioned Plaintiff's

11   lost wages from the date of her termination to the time of removal[.]"), and the court declines to

12   project future wage loss based on a hypothetical trial date.

13          Defendant's reliance on plaintiff's demand for emotional distress damages, (see NOR at

14   ¶ 13), is similarly unpersuasive.  Even defendant acknowledges that "the details of Plaintiff's

15   alleged emotional distress damages are not pleaded in the Complaint[.]" (NOR at ¶ 13).  Thus, it

16   would be speculative to include these damages in the total amount in controversy.  See Davis v.

17   Staples, Inc., 2014 WL 29117, *2 (C.D. Cal. 2014) ("[E]ven if emotional distress damages are

18   potentially recoverable . . . [p]laintiff's Complaint does not expressly state that she is seeking

19   emotional distress damages, . . . and it would therefore also be speculative to include these

20   _____

21          [2]  Defendant does not discuss that the underlying action was filed as a class action.  (See,
    generally, NOR).  The NOR seeks to establish that the name plaintiff meets the jurisdictional
22   threshold.  In class action litigation, diversity jurisdiction is established where at least one class
    member is diverse from the defendant and no named plaintiff is non-diverse, see Snyder v. Harris,
23   394 U.S. 332, 339-40, 89 S.Ct. 1053, 1058-59 (1969) ("[I]f one member of a class is of diverse
    citizenship from the class' opponent, and no nondiverse members are named parties, the suit may
24   be brought in federal court even though all other members of the class are citizens of the same
    State as the defendant[.]"); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021 n. 4 (9th Cir. 2007),
25   and at least one of named plaintiffs meets the amount in controversy requirement.  See Exxon
    Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 & 566-67, 125 S.Ct. 2611, 2615 & 2625
26   (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in
    the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 [] authorize[s]
27   supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or
    controversy, even if those claims are for less than the jurisdictional amount.").
28

1    damages in the total amount in controversy.").  Further, defendant fails to provide any analogous

2    cases, with substantially similar factual scenarios, that might guide the court as to what emotional

3    distress damages might be recovered here.  (See, generally, NOR at ¶ 13); see also Mireles v.

4    Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1055 (C.D. Cal. 2012) (remanding where

5    defendants "proffer[ed] no evidence that the lawsuits and settlements alleged in the complaint are

6    factually or legally similar to plaintiffs' claims."); Dawson v. Richmond Am. Homes of Nevada, Inc.,

7    2013 WL 1405338, *3 (D. Nev. 2013) (remanding where defendant "offered no facts to

8    demonstrate that the [proffered analogous] suit is factually identical [to plaintiffs' suit.]").

9         Plaintiff also seeks an unspecified amount of punitive damages, (see Complaint at Prayer

10   for Relief), which may be included in the amount in controversy calculation.  See Gibson v.

11   Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002).  "However,

12   the mere possibility of a punitive damages award is insufficient to prove that the amount in

13   controversy requirement has been met."  Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1069

14   (D. Ariz. 2004); accord Geller v. Hai Ngoc Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010); J.

15   Marymount, Inc. v. Bayer Healthcare, LLC, 2009 WL 4510126, *4 (N.D. Cal. 2009).  Rather, a

16   defendant "must present evidence that punitive damages will more likely than not exceed the

17   amount needed to increase the amount in controversy to $75,000."  Burk, 348 F.Supp.2d at 1069.

18   Removing defendants may establish "probable punitive damages, for example, by introducing

19   evidence of jury verdicts in analogous cases."  See id.

20        While defendant has listed several punitive damage awards, it has not provided evidence

21   that these cases are factually or legally similar, (see, generally, NOR at ¶ 14), so inclusion of

22   punitive damages in the amount in controversy would be speculative.  See Killion v. AutoZone

23   Stores Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Defendants cite two cases . . . in which

24   punitive damages were awarded, but make no attempt to analogize or explain how these cases

25   are similar to the instant action. . . .  Simply citing these cases merely illustrate[s] that punitive

26   damages are possible, but in no way shows that it is likely or probable in this case.  Therefore,

27   Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is

28   speculative and unsupported."); Burk, 348 F.Supp.2d at 1070 ("Here, Defendant not only failed

5

to compare the facts of Plaintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount, it failed even to cite any such cases. . . . This is insufficient to establish that it is more likely than not that a potential punitive damage award will increase the amount in controversy above $75,000.").

Defendant also estimates that plaintiff's individual wage and hour claims are collectively valued at $8,770. (See NOR at ¶¶ 18-21). To reach this figure, defendant applies the maximum 30-day waiting time penalty under Cal. Labor Code § 203 and a 100% violation rate for the wage itemization claim under Cal. Labor Code § 226(e). (See id. at ¶¶ 20 & 21). Also, defendant applies a 25-percent violation rate for the meal and rest break claims under Cal. Labor Code § 226.7. (See id. at ¶ 19). However, plaintiff does not allege that he is entitled to the maximum 30-day wages under Cal. Labor Code § 203, (see, generally, Complaint at ¶¶ 38-42), so it is unclear how defendant determined that the 30-day penalty is appropriate in this inquiry. As for the wage itemization claims, courts have disavowed the 100% violation rate where it is not supported by the evidence. See Emmons v. Quest Diagnostics Clinical Labs., Inc., 2014 WL 584393, *5-6 (E.D. Cal. 2014) (rejecting application of 100% violation rate, particularly where it is based on "speculative and self-serving assumptions about key unknown variables"). Although plaintiff alleges "[o]n information and belief" that the wage statements did not include all required information, (see Complaint at ¶ 45), unsupported allegations are insufficient to establish subject matter jurisdiction. See Robichaux v. Fidelity Nat'l Ins. Co., 2013 WL 356902, *2 (D. Ariz. 2013) (subject matter jurisdiction "may not be pled on information and belief") (brackets and internal citations omitted). Likewise, defendant has not proffered evidence in support of the assumed 25-percent violation rate for the meal and rest break claims. (See, generally, NOR at ¶ 19); see Ornelas v. Children's Place Retail Stores, Inc., 2013 WL 2468388, *3-4 (C.D. Cal. 2013) (rejecting unsupported assumptions about violation rate, including one missed rest period and one missed meal break per week).

Defendant also relies on plaintiff's claim for attorney's fees. (See NOR at ¶¶ 15-16 & 22; Complaint at Prayer for Relief). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount

6

in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL 94109, *2; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Here, defendant provides no evidence of the amount of attorney's fees that were incurred at the time of removal. (See, generally, NOR at ¶¶ 15-16 & 22). Defendant has not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.").

Finally, defendant attempts to meet the amount in controversy by claiming that "Plaintiff has demanded more than $75,000 to settle this matter." (NOR at ¶ 17). In this circuit, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002). Such

1 "evidence is sufficient to establish the amount in controversy." Id. Here, however, aside from an

2 unsupported statement in the NOR, defendant has provided no admissible evidence – by way of

3 a settlement demand letter or even a declaration under penalty of perjury from counsel – to prove

4 plaintiff's settlement demand exceeded the jurisdictional minimum.  (See, generally, NOR;

5 Schroeder Decl.).  In particular, plaintiff filed a class action complaint, so it is unclear whether the

6 purported settlement demand values Ornelas' individual claims at more than $75,000.  "Without

7 more evidence than the demand itself, it is difficult to determine what a settlement demand reveals

8 about the actual amount in controversy." McDaniel v. Garmin, Ltd., 2013 WL 1163795, *3 (W.D.

9 Wash. 2013); see also Seals v. Asset Acceptance, LLC, 2014 WL 808877, *2 (S.D. Cal. 2014)

10 (granting motion to remand, where $2 million settlement demand was disavowed and unsupported

11 by complaint); Richie v. State Farm Mut. Auto Ins. Co., 2013 WL 4478946, *2 (D. Ariz. 2013)

12 (granting motion to remand, where potential $100,000 settlement request did not "reflect a

13 reasonable estimate" of plaintiff's claim).  Accordingly, defendant has not met its burden of

14 establishing by a preponderance of the evidence that the settlement demand fulfilled or

15 contributed to fulfilling the amount in controversy. See Sanchez v. Monumental Life Ins. Co., 102

16 F.3d 398, 404 (9th Cir. 1996) ("[I]n cases where a plaintiff's state court complaint does not specify

17 a particular amount of damages, the removing defendant bears the burden of establishing, by a

18 preponderance of the evidence, that the amount in controversy exceeds [$75,000]."); see also

19 Labastida v. McNeil Technologies, Inc., 2011 WL 767169, *4 (S.D. Cal. 2011) (finding that

20 defendant did not meet its burden of proof and remanding case where defendant had used an

21 outdated settlement demand letter of questionable "relevance and reasonableness" to meet the

22 amount in controversy requirement).

23        In sum, given that any doubt regarding the existence of subject matter jurisdiction must be

24 resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is

25 not persuaded, under the circumstances here, that defendant has met its burden of proving by a

26 preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.

27 See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more

28 than $75,000 is in controversy, the removing party must prove, by a preponderance of the

1  evidence, that the amount in controversy meets the jurisdictional threshold.   Where doubt

2  regarding the right to removal exists, a case should be remanded to state court."); <u>Valdez</u>, 372

3  F.3d at 1117.  Therefore, there is no basis for diversity jurisdiction.

4       **This order is not intended for publication. Nor is it intended to be included in or**

5  **submitted to any online service such as Westlaw or Lexis.**

6  <u>**CONCLUSION**</u>

7       Based on the foregoing, IT IS ORDERED that:

8       1.  The above-captioned action shall be **remanded** to the Superior Court of the State of

9  California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012.

10       2.  The Clerk shall send a certified copy of this Order to the state court.

11  Dated this 9th day of July, 2014.

12

13                          /s/

14                      Fernando M. Olguin
                United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28